IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MONICA O. EBODA<br><br>Debtor | : CHAPTER 13<br>:<br>: 19-15045 MDC |
| MONICA EBODA<br>BABATUNDE EBODA<br>    Plaintiffs<br>    vs.<br><br>TRINITY FINANCIAL SERVICES, LLC<br>    Defendant | ADVERSARY 20-00236 MDC |

## STIPULATION OF SETTLEMENT TO DETERMIN DISCHARGEABILITY OF DEBT AND AVOID SECOND LIEN

**WHEREAS**, Plaintiff / Debtor Monica Eboda commenced a Chapter 13 case, her first and only, in this court on August 11th, 2019; and

**WHEREAS**, Plaintiffs, both, commenced this Adversary Proceeding against Defendant Trinity Financial Services, LLC ( hereinafter "TRINITY") holder and Owner of a Second Mortgage against plaintiffs' residence located at 100 Black Cherry Lane, Chadds Ford, Chester County, Pennsylvania entered as Claim No. 10 on the claims register of the underlying bankruptcy case; and

**WHEREAS**, the Plaintiffs sought to establish in this Adversary Proceeding that TRINITY'S Claim, in the amount of $344,423.83 was totally unsecured due to a large balance due upon plaintiffs' first mortgage; and

**WHEREAS**, both Plaintiffs and Defendant have obtained appraisals for their own use at trial; and

1

**WHEREAS**, the parties wish to settle the matter in Order to save the Court's time and resources as well as their own litigation expense.

**THEREFORE**, the parties hereby stipulate and agree as follows:

1. The Property at 100 Black Cherry Lane is the residence of Debtor / Plaintiff Monica Eboda and her husband Babatune Eboda a non-debtor and co-plaintiff herein.

2. Defendant is the holder of a second mortgage upon the premises originally recorded in the Chester County Recorder of Deeds office at Book 7421 Page 236 et seq and assigned to Defendant at Book 10075, Page 1959 et seq

3. The parties, after due consideration of Appraisals, the first Mortgage of HSBC BANK USA as trustee, Claim No. 2, in amount of $817364.18 and full opportunity for legal advice upon the matter, hereby agree that the lien of Defendant Trinity Financial Services , LLC  (Trinity) in the amount of $344,423.83, a second mortgage upon Plaintiff's residence, is entirely unsecured and therefore fully avoided and dischargeable at the successful conclusion of the underlying Chapter 13 bankruptcy case.

4. Upon discharge of the debtor Monica Eboda in Chapter 13 case No. 19-15045, the Defendant Trinity, or its assigns, if any, shall file a satisfaction piece for the said Second Mortgage with the Recorder of Deeds in and for Chester County, Pennsylvania within 60 days.

5. During the pendency of the Chapter 13 case, the stay and the co-debtor stay shall remain in full force and effect.

6. The Defendant agrees that the lien upon the entireties real estate will

2

be entirely stripped and avoided at the successful completion of the debtor's Chapter 13 bankruptcy.

7. Should the underlying Chapter 13 case be dismissed or converted, the terms of this stipulation are revoked and Defendant may proceed to act upon it's state court rights without impairment by any terms of this document.

8. The parties further agree that upon successful completion of the bankruptcy by debtor, the defendant agrees to release Babatunde Eboda from any liability for the underlying obligation related to the aforesaid second mortgage.

9. In the event that the Secured Creditor of the First Mortgage forecloses on its First Mortgage security interest on the property before Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 discharge, as evidenced by the entry of a discharge order, the Second Mortgage of Trinity shall be attached to the surplus proceeds from any foreclosure sale for the full amount of the balance due and owing under the loan documents.

10. Further, in the event that the property is sold or any mortgage superior in priority to the Second Mortgage is refinanced, the lien of the Second Mortgage shall be fully reinstated without further Order of this court. This paragraph shall not apply to any loan modification of the First Mortgage.

WHEREFORE the parties request the Court to recognize this stipulation as a termination of the above Adversary Proceeding and to Approve the terms of this Stipulation in so doing.

| | |
|---|---|
| /s/ Joseph F. Claffy | /s/ Robert P. Wendte |
| Joseph F. Claffy, Esq. | Robert P. Wendte, |
| Attorney for Plaintiffs and Debtor | Leopold Associates |
| 26 S. Church St. | Attorney for Defendant Trinity Financial |
| West Chester, PA 19382 | 80 Business Park Drive, St 110 Armonk, NY 10504 |

No Objection
/s/LeeAne O. Huggins May 12, 2021
William C. Miller, Esquire
Chapter 13 Standing Trustee

APPROVED BY THE COURT this __13th__ day of _____May_____, 2021 however the court retains discretion regarding entry of any further Order.

*Magdeline D. Coleman*

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge